UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: KATHLEEN ANNE DUDLEY,            No. 24-10034-j11

       Debtor.

_____

KATHLEEN ANNE DUDLEY,

       Plaintiff,

v.                                                              Adversary No. 24-1004-j

JODY ARMIJO,

       Defendant.

## MEMORANDUM OPINION AND ORDER
## REMANDING ADVERSARY PROCEEDING TO STATE COURT

For the reasons set forth below, the Court will *sua sponte* remand this adversary proceeding to State Court.

Procedural Background

Plaintiff Kathleen A. Dudley commenced this adversary proceeding on January 16, 2024, by removing an action pending in the New Mexico District Court, Fourth Judicial District, entitled *Kathleen A. Dudley, Plaintiff-Counterdefendant v. Jody Armijo, Defendant-Counterclaimant*, No. D-430-CV-2021-00029 (the "State Court Action").[1] Dudley initiated the State Court Action on September 22, 2021.[2] The complaint filed in the State Court Action alleges that Defendant Jody Armijo committed tortious and unlawful conduct by engaging in a continuing course of conduct to harass her and requests damages and injunctive relief.[3] Armijo

---

[1] *See* Doc. 1.
[2] *See* Exhibit A, Doc. 1-1, p. 2.
[3] *Id.* at pp. 2 – 12.

filed an amended answer and counterclaim on October 27, 2021, denying the claims of tortious or unlawful conduct, as alleged.[4] The counterclaim consists of claims for abatement of a public nuisance, malicious abuse of process, and assault, and requests injunctive relief.[5]

Following a trial on the merits in the State Court Action, on March 27, 2023 the State Court made detailed Findings of Fact and Conclusions of Law.[6] On April 6, 2023, the State Court entered a Final Judgment (i) denying all of Dudley's claims, (ii) granting injunctive relief in favor of Armijo and against Dudley, (ii) denying Armijo's claims of malicious abuse of process and assault and ruling that Armijo's claims for abatement of public nuisance is merged with the injunctive relief the Court granted.[7] Armijo was awarded attorney's fees and costs against Dudley, but no other damages.[8]

The New Mexico Court of Appeals affirmed the State Court's Final Judgment in an opinion and order entered December 13, 2023. *See Dudley v Armijo,* No. A-1-CA-41181, 2023 WL 8628582 (N.M. Ct. App. Dec. 13, 2023).

On July 19, 2023, Armijo filed in the State Court Action an Emergency Motion for Order to Appear and Show Cause why Dudley should not be held in civil contempt for failing to comply with the injunctive relief granted in the Final Judgment and not be ordered to pay costs and attorney's fees associated with the motion.[9] On January 2, 2024, the State Court entered an Order to Show Cause in the State Court Action setting a hearing for January 22, 2024.[10] The hearing was not held because Dudley commenced her chapter 11 case on January 16, 2024.

---

[4] *See* Exhibit B, Doc. 1-1, pp. 13 – 26.
[5] *Id.*
[6] *See* Doc. 1-10, pp. 25 – 29.
[7] *See* Doc. 1-10, pp. 30 – 32.
[8] *Id.*
[9] *See* Doc. 1-10, pp. 33 – 45.
[10] *See* Doc. 1-10, pp. 51 – 53.

DISCUSSION

Dudley removed the State Court Action to bankruptcy court pursuant to 28 U.S.C. § 1452(a), governing removal of claims related to bankruptcy cases. Section 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). A bankruptcy court may remand an action removed under § 1452(b) *sua sponte*.[11]

In deciding whether equitable remand under § 1452(b) is appropriate, courts consider the same factors relevant to discretionary abstention, namely:

1. the effect of remand on the efficient administration of the estate;
2. the extent to which state law issues predominate over bankruptcy issues;
3. the difficult or unsettled nature of the applicable law;
4. the presence of a related proceeding commenced in state court or other non-bankruptcy court;
5. the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
6. the degree of relatedness of the proceeding to the bankruptcy case;
7. the substance rather than the form of an asserted "core" proceeding;
8. the feasibility of severing state law claims from core bankruptcy matters;
9. the burden on the bankruptcy court's docket;
10. the likelihood that the proceeding involves forum shopping;
11. the existence of a right to jury trial; and
12. the presence of non-debtor parties.

*Rodriguez v. Brutsche (In re Brutsche)*, No. 11-11-13326 SA, 2012 WL 4903663, at *3 (Bankr. D.N.M. Oct. 15, 2012).[12]

---

[11] *See AEG Liquidation Trust v. Toobro N.Y. LLC (In re Am. Equities Grp., Inc.)*, 460 B.R. 123, 128 (Bankr. S.D.N.Y. 2011) ("A court may remand *sua sponte* [under 28 U.S.C. § 1452(b)] 'notwithstanding the absence of a motion . . . by any party.'" (quoting *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 60 (S.D.N.Y. 2011))); *Roberts v. Bisno (In re Bisno)*, 433 B.R. 753, 758 (Bankr. C.D. Cal. 2010) (holding that the bankruptcy court has the power to remand a removed action under 28 U.S.C. § 1452(b) sua sponte); *El Llano Co. v. Summit Inv. Co. (In re Potter)*, No. 06-1138 M, 2007 WL 1672181, at *8 n.11 (Bankr. D.N.M. June 6, 2007) ("Both remand pursuant to 28 U.S.C. § 1452(b) and permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) can be raised by the Court *sua sponte*.").
[12] *See also Alarid v. Pacheco (In re Pacheco)*, 616 B.R. 126, 133-34 (Bankr. D.N.M. 2020) (same).

In addition to the discretionary abstention factors, courts consider these factors in determining whether equitable remand is appropriate under § 1452(b):

1. whether remand serves principles of judicial economy;
2. whether there is prejudice to parties not removed;
3. whether the remand lessens the possibilities of inconsistent results; and
4. whether the court where the action originated has greater expertise.

*Id.*

Applying these factors, the Court concludes that equitable remand is appropriate. The State Court Action will have little or no impact on the bankruptcy estate. Further, the State Court, which entered the injunction contained in the Final Judgment after extensive litigation and a trial, is in the best position to rule on a motion to enforce the injunction. In addition, the claims and counterclaims asserted in the State Court Action are all governed exclusively by New Mexico law. Remand serves the interests of comity and judicial economy. Under the circumstances present here, removal of the State Court Action to bankruptcy court also smacks of inappropriate forum shopping. The other equitable remand factors either weigh in favor of remand or are not relevant.

WHEREFORE, IT IS ORDERED that the State Court Action hereby is remanded to the State Court, effective immediately.

ORDERED FURTHER, that this adversary proceeding is closed.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: February 8, 2024

COPY TO:

Kathleen Anne Dudley
Plaintiff
P.O. BOX 67
Ocate, NM 87734

Quentin Smith
Attorney for Defendant
Stelzner, Winter, Warburton, Flores & Dawes
302 8th Street NW, Suite 200
Albuquerque, NM 87102